UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MARANO COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BIMEX, INC., an Illinois corporation d/b/a Roselle International Food Market, MIROSLAW KUBAS, WOJCIECH DZIEWONSKI, KAZIMIERZ KONIARCZYK, and ZBIGNIEW KRUCZALAK,<br><br>Defendants. | Case No. 07 C 6382<br><br>Judge: JUDGE LINDBERG<br><br>Magistrate Judge: MAGISTRATE JUDGE VALDEZ |

**RECEIVED NOV - 9 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

### AFFIDAVIT OF ANTON MARANO IN SUPPORT OF MOTION BY PLAINTIFF ANTHONY MARANO COMPANY FOR TEMPORARY RESTRAINING ORDER AND PACA TRUST CLAIM

I, ANTON MARANO, declare and state as follows:

1. I am the President of Plaintiff, THE ANTHONY MARANO COMPANY (hereinafter "AMC"), and, in such position I am authorized to make and furnish this Affidavit and am competent to testify at trial to the matters set forth in this Affidavit.

2. The Plaintiff seeks the entry of a temporary restraining order and permanent injunction against BIMEX, INC., an Illinois corporation d/b/a Roselle International Food Market, Miroslav Kubas, Wojciech Dziewonski, Kazimierz Koniarczyk, and Zbigniew Kruczalak, for the purpose of preserving its interest in the statutory trust created under the Perishable Agricultural Commodities Act, 1930, 7.U.S.C. Sections 499a-499t, as amended ("PACA"). All of the PACA trust assets are in the custody and control of the Defendants.

3. I am personally familiar with all matters which are the subject of this proceeding and

1

the facts set forth in this affidavit are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated in this affidavit.

4. AMC is a business located in Chicago, Illinois, which sells wholesale quantities of perishable agricultural commodities (hereafter "Produce"). AMC is a Produce dealer subject to and licensed under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.§499 *et. seq.* (hereafter "PACA").

5. a. BIMEX, INC., an Illinois corporation d/b/a Roselle International Food Market, was a Produce dealer as defined by 7 U.S.C.§499a and operated subject to the PACA.

b. Upon information and belief, Miroslaw Kubas, Wojciech Dziewonski, Kazimierz Koniarczyk, and Zbigniew Kruczalak were the directors, officers, shareholders and/or principals of BIMEX, INC., and were responsible for the day to day operations of the corporation during the time in question.

6. The sales and accounts receivable records of AMC, including, but not limited to, invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are made by me or under my direction and supervision by employees whose duty it is to prepare such documents.

7. My responsibilities include monitoring the sale of perishable agricultural commodities, including those sales that are the subject of this dispute. My responsibilities also include supervising collection of the accounts receivable for such sales, including Defendants' account which is the subject of the present motion. I have custody and control of the sales and accounts receivable records of AMC as they relate to Defendants and I am thoroughly familiar

with the manner in which those records are compiled.

8. Between September 20, 2007 and October 15, 2007, AMC sold and delivered to Defendants, in interstate commerce, various wholesale lots of produce worth $21,890.25. (a copy of a detailed statement listing the outstanding invoices is attached to the Complaint as Exhibit 1).

9. Defendants accepted the produce received from AMC.

10. AMC preserved its interest in the PACA trust in the amount of $21,890.25 by timely delivering invoices to Defendants, which contained the language required under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).

11. Defendants are obligated to hold in trust all produce-related assets received from the sale of produce in order to pay $21,890.25 to AMC.

12. Unless the assets of the defendant corporation are frozen, it is likely the trust assets will continue to be dissipated. As a result, AMC will suffer immediate and irreparable harm because it will lose the trust assets and rights that are owed under the statute.

13. Plaintiff operated its business under a valid PACA license issued by the United States Department of Agriculture, Agricultural Marketing Service, PACA Branch, Fruit & Vegetable Division.

14. Plaintiff sold to Defendants perishable agricultural commodities ("Produce"), as described in the Statement, true copies of which are attached to the Complaint as Exhibit 1, for the sum of $21,890.25 which remains unpaid.

15. The Produce sold to Defendants consisted of fresh fruits or vegetables, each of which are the type of Produce commonly shipped in interstate commerce and, accordingly, subject to

the provisions of the PACA.

16. Defendants have not disputed by any written information that Plaintiff is owed the sum of $21,890.25 and has failed to pay Plaintiff, despite repeated demands for payment.

17. Defendants are obligated to hold all assets received from the sale of Produce in trust order to pay Plaintiff.

18. Defendants have failed to pay Plaintiff's invoices, and it appears that, based upon Defendants' actions at this time, that it clearly does not have sufficient funds to satisfy Plaintiff's PACA trust claim in full as required by the PACA.

19. That based upon Defendants' failure to pay Plaintiff, it is feared that the trust has been dissipated and will continue to be dissipated and in further jeopardy, and that Plaintiff will suffer irreparable harm, if the assets of the Defendants are not frozen immediately.

I do solemnly declare under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

*/s/ Anton Marano*
ANTON MARANO

Sworn to before me this 9 day of Nov, 2007

*/s/*

Ordower & Ordower, P.C.
One North LaSalle Street
Suite 1300
Chicago, Illinois 60602

OFFICIAL SEAL
TORRE PALANDRI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/03/11

C:\Documents and Settings\Michael Stanley\My Documents\M Stanley\Marano\Bimex\AMCvBimexAffidavitAnton110707.wpd

4